IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MAGDALENA CASTRO BENITEZ,<br>　　　　　Defendant. | CASE NO: **4:18CR3088**<br><br>**DETENTION ORDER** |

　　On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

　　Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings.

　　Based on the evidence presented at the hearing, this defendant played a prominent role in the alleged conspiracy by managing the money and assets of the conspiracy, including the purchase of four properties in Las Vegas, Nevada, along with other commercial and residential properties in Nebraska. The government has not yet located all the funds to which she had access.

　　The court finds the defendant has a criminal history of violating the law, including possession of fraudulent green cards and social security numbers for herself and her brother, Fabian Castro; is not a United States citizen, was previously deported to Mexico and is unlawfully present in this country, and could flee the country before trial.

　　At the detention hearing, the government presented persuasive evidence that this Defendant was, prior to her arrest, personally involved in planning how

she and other co-defendants would evade apprehension if they believed they were being watched by the government or subject to an arrest warrant. When she suspected she was being watched, she travelled to Las Vegas to hide and intended to do so again. She discussed selling her property and hiding in Las Vegas or going to Mexico, with the intent to return to Nebraska later.

The court further finds that conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated August 20, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge