IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3088 |
| vs. | TENTATIVE FINDINGS |
| MAGDALENA CASTRO BENITEZ, | |
| Defendant. | |

The Court has received the revised presentence investigation report (RPSR) in this case. The defendant has filed a motion for variance (filing 569). The defendant has also filed several objections (filing 567) to the RPSR.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has multiple objections to the RPSR. To begin, the defendant objects to several facts asserted in the RPSR based on the language of the operative superseding indictment or the government's version of the offense. Filing 567 at 1-2. To the extent those facts are relevant, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). The Court will resolve these issues, if necessary, at sentencing.

In particular, however, the defendant objects to the RPSR's description of the parties' plea agreement as stipulating that the Court impose a 9-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(2)(C) because the defendant's harboring offense involved 100 or more aliens. Filing 567 at 2. The defendant claims the plea agreement contains language providing that the "parties disagree as whether the adjustments apply, and either

party is free to put forward evidence at sentencing for the Court to determine whether such adjustments are appropriate." Filing 567 at 2.

But that misquotes the plea agreement. Rather, the plea agreement provides specifically that "[t]he parties agree that the court will impose an increase of 9 levels because the harboring offense involved 100 aliens or more, pursuant to U.S.S.G. § 2L1.1(b)(2)(C)." Filing 436 at 11. The plea agreement also provides that "[t]he parties disagree as to whether *other* adjustments apply, and either party is free to put forward evidence at sentencing for the Court to use to determine whether such adjustments are appropriate." Filing 436 at 11 (emphasis supplied). The plea agreement's stipulation to the § 2L1.1(b)(2)(C) enhancement could not be more clear. Accordingly, the Court finds no merit to the defendant's objection to the RPSR's description of the plea agreement.

Similarly, the defendant objects to the inclusion in the RPSR's calculation of the offense level of a 9-level increase pursuant to § 2L1.1, "on the basis that she did not have requisite knowledge." But having stipulated to the enhancement in the plea agreement, she may not challenge it, unless she proves the agreement invalid or succeeds in withdrawing from it. *United States v. Maxwell*, 778 F.3d 719, 735 (8th Cir. 2015); *United States v. Krzyzaniak*, 702 F.3d 1082, 1084 (8th Cir. 2013); *United States v. Barrett*, 173 F.3d 682, 684 (8th Cir. 1999).

Finally, the defendant objects to the RPSR's conclusion that an upward departure may be warranted based on the defendant's role in the conspiracy or the number of aliens involved (which the RPSR estimates as at least 200 to 250). Filing 567 at 2. Generally, the government bears the burden of proving the application of an upward departure. *United*

*States v. Beltramea,* 785 F.3d 287, 289 (8th Cir. 2015). But the presentence report serves as notice that an upward departure may be considered. *See United States v. Brave Bull,* 828 F.3d 735, 740 (8th Cir. 2016). The Court will determine at sentencing, based on the evidence, whether an upward departure (or upward variance) is appropriate.

The defendant has also moved for variance (filing 569) asking the Court to vary from the Guidelines range based on her personal circumstances. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 8th day of July, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge